ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| BIENVENIDO FELIX FIGUEROA<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202400458 | Revisión Administrativa procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 148050<br><br>Sobre: Reconsideración determinación de no conceder privilegio libertad bajo palabra (No Ha Lugar) |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**


**SENTENCIA**


En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece el señor Bienvenido Félix Figueroa, en adelante el señor Félix o el recurrente, y solicita que revoquemos la *Resolución*, emitida y notificada el 11 de julio de 2024. Mediante la misma, la Junta de Libertad Bajo Palabra, en adelante la JLBP o la recurrida, declaró no ha lugar la *Reconsideración* y, por consiguiente, reiteró su determinación previa de no conceder el privilegio de libertad bajo palabra al recurrente.

Por los fundamentos que expondremos a continuación, se confirma la determinación recurrida.

**-I-**

Surge de la copia certificada del expediente administrativo, que el señor Félix fue sentenciado por la comisión de varios delitos, a saber, tentativa de

robo, infracción al artículo 5.04 y 5.05 de la *Ley de Armas*, negligencia a personas de edad avanzada y restricción a la libertad. La sentencia consolidada asciende a 15 años de reclusión.[1]

Luego de haber adquirido jurisdicción sobre el señor Félix, la JLBP emitió las siguientes determinaciones de hechos:

1. El peticionario se encuentra en custodia mínima desde el 29 de abril de 2022, conforme se desprende de su expediente.

2. El 22 de marzo de 2020 al peticionario le fue realizado muestra de ADN cumpliendo con la Ley 175 del 1998 según enmendada.

3. El peticionario ha demostrado tener un plan de salida estructurado en las áreas de empleo y vivienda.

4. La parte peticionaria no cuenta con plan de salida viable y corroborado en el área de amigo consejero. El mismo debe residir cerca del municipio donde propone pernoctar el peticionario, para que haya una supervisión adecuada. El reglamento de la Junta de Libertad Bajo Palabra establece que el mismo deberá residir en el área limítrofe del Programa de Comunidad con competencia. En este caso el programa de comunidad con competencia es Caguas. El peticionario propone residir en Cidra y el candidato a amigo consejero es de San Juan, por ende, no es viable el amigo consejero propuesto.

5. Completó Taller de Aprendiendo a Vivir sin Violencia el 29 de diciembre de 2022.

6. El peticionario se benefició de tratamiento de Trastornos Adictivos y del curso de control de impulsos completando ambos el 2 de diciembre de 2020.

7. El 18 de diciembre de 2023, se le realizó prueba de dopaje arrojando negativo al uso de sustancias controladas.

8. Al momento obra en el expediente, Orden de Protección en contra del peticionario del 18 de julio de 2022 y emitida por el Tribunal de Primera Instancia, Sala Municipal de San Juan. Este tiene una vigencia de cinco (5) años y es desde el 18 de julio de 2022 hasta el 18 de julio de 2027. Además, es a favor de su expareja. El peticionario se allanó a la expedición de la Orden de Protección. No obstante, no admite los hechos.

9. Para efectos de un análisis de la totalidad del expediente, se evaluó la naturaleza y

---

[1] Apéndice del recurrente, pág. 38.

circunstancias de los delitos por los que cumple sentencia el peticionario.[2]

En desacuerdo, el recurrente presentó una *Reconsideración*.[3] En síntesis, adujo que los factores del amigo consejero y de la orden de protección no impidieron que se le hubiera concedido el privilegio inicialmente.

Por su parte, la JLBP declaró no ha lugar la *Reconsideración*.[4]

Aún inconforme, el señor Félix, mediante *Escrito de Revisión de Decisión Administrativa* alega, que la JLBP cometió los siguientes errores:

> ERRÓ EL FORO ADMINISTRATIVO AL DECLARAR NO HA LUGAR LA RECONSIDERACIÓN, CONFIRMANDO ASÍ LA RESOLUCIÓN DE 26 DE MARZO DE 2024 SOBRE NO CONCESIÓN DEL PRIVILEGIO DE LIBERTAD BAJO PALABRA -RECONSIDERACIÓN- VOLVER A CONSIDERAR EN LA CUAL UTILIZA COMO FUNDAMENTO PARA DENEGAR EL PRIVILEGIO, EN CRASO ABUSO DE DISCRECIÓN, QUE (1) EL PETICIONARIO NO CUENTA CON UN PLAN DE SALIDA VIABLE Y CORROBORADO EN EL ÁREA DE AMIGO CONSEJERO POR ESTE NO RESIDIR EN EL ÁREA LIMÍTROFE DEL PROGRAMA DE COMUNIDAD CON COMPETENCIA NI CERCA DEL MUNICIPIO DONDE PROPONE PERNOCTAR EL PETICIONARIO LO QUE CONSIDERA NECESARIO PARA QUE HAYA UNA SUPERVISIÓN ADECUADA DEL [*SIC*.] UNA VEZ ESTÉ EN LA LIBRE COMUNIDAD; Y QUE (2) OBRA EN EL EXPEDIENTE ORDEN DE PROTECCIÓN EN CONTRA DEL PETICIONARIO CON FECHA DE 18 DE JULIO DE 2022, CON VIGENCIA DE CINCO (5) AÑOS Y DE LA CUAL TUVO CONOCIMIENTO AL MOMENTO DE EMITIR LA RESOLUCIÓN DE CONCEDER.
>
> ERRÓ EL FORO ADMINISTRATIVO AL DECLARAR NO HA LUGAR LA RECONSIDERACIÓN, CONFIRMANDO ASÍ LA RESOLUCIÓN DE 26 DE MARZO DE 2024 SOBRE NO CONCESIÓN DEL PRIVILEGIO DE LIBERTAD BAJO PALABRA -RECONSIDERACIÓN- VOLVER A CONSIDERAR EN LA CUAL UTILIZA COMO FUNDAMENTO PARA DENEGAR EL PRIVILEGIO QUE EL PETICIONARIO NO CUENTA CON UN PLAN DE SALIDA VIABLE Y CORROBORADO EN EL ÁREA DE AMIGO CONSEJERO EN ABIERTA VIOLACIÓN AL REGLAMENTO 9232 EL CUAL DISPONE CLARAMENTE QUE LA FALTA DE AMIGO CONSEJERO NO SERÁ RAZÓN SUFICIENTE PARA DENEGAR EL PRIVILEGIO.

Luego de revisar los escritos de las partes, la copia certificada del expediente administrativo y los

---

[2] *Id.*, págs. 19-22.
[3] *Id.*, págs. 23-30.
[4] *Id.*, pág. 18.

documentos que obran en autos, estamos en posición de resolver.

-II-

A.

La revisión judicial de las decisiones administrativas tiene como fin primordial delimitar la discreción de las agencias, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[5] Ahora bien, es norma reiterada "que los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado".[6] A esos efectos, la revisión judicial comprende tres aspectos, a saber: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si se sostienen las conclusiones de derecho realizadas por la agencia.[7]

Por consiguiente, "quien impugne las determinaciones de hechos de una agencia tiene el deber ineludible de producir suficiente evidencia para derrotar la presunción de legalidad y corrección de la decisión administrativa".[8] En ausencia de evidencia

---

[5] *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114-115 (2023); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018); *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011).
[6] *Hernández Feliciano v. Mun. Quebradillas*, *supra*, pág. 114.
[7] *Hernández Feliciano v. Mun. Quebradillas*, *supra*, pág. 115; *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839-840 (2021); *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020).
[8] *OEG v. Martínez Giraud*, 210 DPR 79, 118 (2022). (Opinión disidente emitida por el Juez Asociado Señor Colón Pérez, a la cual se une la Jueza Presidenta Oronoz Rodríguez).

sustancial, los foros apelativos estamos llamados a otorgar deferencia a las agencias administrativas.[9]

En lo aquí pertinente, la intervención judicial debe circunscribirse a determinar si las conclusiones de derecho del organismo administrativo son correctas.[10] Ahora bien, ello no significa que el tribunal revisor tiene facultad irrestricta para revisar las conclusiones de derecho del ente administrativo.[11] Al contrario, los tribunales deben concederle gran peso y deferencia a las interpretaciones que los organismos administrativos realizan de las leyes y reglamentos que administran, por lo que no pueden descartar libremente las conclusiones e interpretación de la agencia, sustituyendo el criterio de estas por el propio.[12] De este modo, si la interpretación de la ley o reglamento que realiza determinada agencia administrativa es razonable, aunque no sea la única razonable, los tribunales debemos concederle deferencia.[13] Más aún, los tribunales podrán sustituir el criterio de la agencia por el suyo únicamente cuando no encuentren una base racional para explicar la determinación administrativa.[14]

**B.**

La Ley Núm. 118 de 22 de julio de 1974, en adelante Ley Núm. 118-1974, según enmendada, creó la

---

[9] *Id.*, págs. 118-119.
[10] *OEG v. Martínez Giraud, supra,* pág. 89. Véase, además, *Torres Rivera v. Policía de PR,* 196 DPR 606, 627-628 (2016).
[11] *Hernández Feliciano v. Mun. Quebradillas, supra,* págs. 115-116; *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 216 (2012); *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 187 (2009); *Rivera Concepción v. ARPe,* 152 DPR 116, 122 (2000).
[12] *Hernández Feliciano v. Mun. Quebradillas, supra,* pág. 114.
[13] *Torres Rivera v. Policía de PR, supra,* pág. 628.
[14] *Hernández Feliciano v. Mun. Quebradillas, supra,* pág. 116.

JLBP, adscrita al DCR.[15]  Entre los poderes conferidos a la JLBP está decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico.  También, se le confirió la facultad para revocar la libertad bajo palabra a cualquier liberado que revele no estar aún preparado para beneficiarse plenamente del privilegio y el tratamiento que implica la libertad bajo palabra.[16]

De esta forma, este organismo tiene la autoridad de conceder a cualquier persona recluida el privilegio de cumplir la última parte de su condena en libertad bajo palabra.[17] Al conceder el privilegio, la JLBP puede imponer las condiciones que estime necesarias.[18] Así, el liberado bajo palabra tiene una libertad cualificada.[19]

Conviene mencionar que, aunque la Ley Núm. 118-1974 fue objeto de enmiendas mediante la aprobación de la Ley Núm. 85-2022, los cambios a los criterios específicos que la JLBP debe considerar al momento de conceder el privilegio fueron mínimos. De modo que prevalecen los criterios dispuestos en la Ley Núm. 118-1974, a saber:

> (1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.
>
> (2) Las veces que el confinado haya sido convicto y sentenciado.
>
> (3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.
>
> (4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.

---

[15] 4 LPRA sec. 1501, *et seq.*
[16] Art. 3 (a) y (b) de la Ley Núm. 118-1974 (4 LPRA sec. 1503).
[17] *Benítez Nieves v. ELA et al.,* 202 DPR 818 (2019).
[18] Art. 3 de la Ley Núm. 118-1974 (4 LPRA sec. 1503).
[19] *Benítez Nieves v. ELA et al., supra; Maldonado Elías v. González Rivera,* 118 DPR 260, 266 (1987).

(5) El de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y el médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.

(6) La edad del confinado.

(7) El o los tratamientos para condiciones de salud que reciba el confinado.

(8) La opinión de la víctima.

(9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.

(10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.

(11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento.

La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho.[20]

Además, hay que destacar, que conforme el Artículo 5 de la Ley Núm. 118-1974, *supra*, la JLBP tiene la autoridad de promulgar las reglas y reglamentos que crea convenientes para el mejor cumplimiento de las disposiciones de ese artículo.[21] En virtud de ello, la agencia aprobó el *Reglamento de la Junta de Libertad Bajo Palabra*, en adelante Reglamento Núm. 9232.

En lo pertinente, el Artículo X, Sección 10.1 del Reglamento Núm. 9232 establece los siguientes criterios de elegibilidad:

A. La Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión.

B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:

1. Historial delictivo.

---

[20] Art. 3-D de la Ley Núm. 118-1974 (4 LPRA sec. 1503d). Véase, además, Exposición de Motivos de la Ley Núm. 85-2022.
[21] *Benítez Nieves v. ELA et al.*, *supra*.

a. La totalidad del expediente penal.

b. Los antecedentes penales. Se entenderá por antecedentes penales las veces que un peticionario haya sido convicto y sentenciado.

c. […]

d. Naturaleza y circunstancias del delito, por el cual cumple sentencia, incluyendo el grado de fuerza o violencia utilizado en la comisión del delito.

[…]

2. Una relación de liquidación de la(s) sentencia(s) que cumple el peticionario.

3. La clasificación de custodia, el tiempo que lleva en dicha clasificación y si hubo cambio de clasificación y las razones para ello.

a. La Junta no concederá libertad bajo palabra cuando el peticionario se encuentre en custodia máxima.

4. La edad del peticionario.

5. La opinión de la víctima.

a. La opinión de la víctima constituye un factor a ser considerado por la Junta, pero la determinación sobre el grado de rehabilitación de un peticionario y si está capacitado para continuar cumpliendo su sentencia en la libre comunidad es prerrogativa de la Junta.

6. El historial social.

a. Se tomará en consideración la totalidad del expediente social.

b. […]

c. El historial de ajuste institucional y el historial social preparado por el Departamento de Corrección y Rehabilitación.

d. Si se le han impuesto medidas disciplinarias, disponiéndose que no se tomarán en consideración aquellas

medidas disciplinarias en las cuales ha transcurrido un (1) año desde la fecha en que se impuso dicha medida disciplinaria.

    e. El historial de trabajo y/o estudio realizado en la institución.

[…]

7. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.

    a. El plan de salida podrá ser en Puerto Rico, en cualquier estado de los Estados Unidos o en cualquier otro país que tenga un tratado de reciprocidad con Estados Unidos.

[…]

    b. Oferta de empleo y/o estudio.

      i. Todo peticionario deberá proveer una oferta de empleo o, en la alternativa, un plan de estudios adiestramiento vocacional o estudio y trabajo.

      ii. La oferta de empleo se presentará mediante carta suscrita por la persona que extiende la oferta de empleo al peticionario, incluyendo la siguiente información:

        a. Nombre completo, dirección postal, física, electrónica y teléfono(s) de la persona que ofrece el empleo.
        […]

    f. Amigo consejero

      i. El amigo consejero tiene la función de cooperar con la Junta y el Programa de Comunidad del Departamento de Corrección y Rehabilitación, en la rehabilitación del peticionario.

[…]

      iii. Se realizará una investigación en la comunidad sobre la conducta e integridad moral de la persona propuesta para amigo consejero.

      iv. No se requerirá cumplir con el requisito de amigo consejero en aquellos casos en que el plan de salida propuesto consista únicamente en ser ingresado a un programa de tratamiento interno.

      v. La falta del amigo consejero no será razón suficiente para denegar el privilegio.

      vi. No será requerido el amigo consejero a peticionarios mayores de sesenta (60) años.

Aun cuando la decisión de conceder o denegar los beneficios de libertad bajo palabra descansa en la entera discreción del Estado, y no existe un derecho a obtener tales beneficios, el procedimiento para su concesión debe cumplir con ciertas salvaguardas procesales.[22]

-III-

Para el recurrente, el factor de amigo consejero se consideró desde el principio, "no fue óbice para conceder el privilegio" y no procede darle mayor importancia, porque el Reglamento Núm. 9232, *supra*, dispone que la falta de amigo concejero no es razón suficiente para denegar el privilegio. Además, el señor Félix alega que no ocultó la orden de protección en su contra y, aun así, el oficial examinador entendió que cumplía con los requisitos para que la recurrida le otorgara inicialmente el privilegio de libertad bajo palabra.

_____

[22] *Maldonado Elías v. González Rivera*, *supra*, págs. 275-276.

En cambio, la JLBP arguye que el recurrente no cumplió con el Reglamento Núm. 9232, *supra,* porque propuso un hogar en Cidra, pero la residencia del amigo consejero ubica en San Juan. Específicamente, lo anterior es contrario al referente normativo, en la medida en que el amigo consejero debe residir en el área limítrofe al Programa de la Comunidad con competencia y debe tener contacto frecuente con el peticionario. Aduce que la cercanía entre las residencias es necesaria para una supervisión adecuada. Además, destaca que tanto el *Informe del Oficial Examinador* como la *Resolución* de la JLBP indican que el criterio de amigo consejero no estaba corroborado y que esta es una condición necesaria para conceder el privilegio.

Por otro lado, la recurrida argumenta que en el historial delictivo y social del señor Félix consta una orden de protección vigente en su contra, con una duración de cinco años. Así pues, sostiene que aquella forma parte del historial delictivo del recurrente y es un criterio meritorio que la recurrida puede considerar al ponderar su rehabilitación, el mejor interés de la sociedad y el cumplimiento de los criterios esenciales para ser acreedor de la libertad bajo palabra.

Luego de revisar la copia certificada del expediente administrativo declaramos que la *Resolución* recurrida es razonable y no amerita nuestra intervención revisora. Veamos.

Obra en el expediente el hecho de que el candidato a amigo consejero no cumple con los requisitos del Reglamento Núm. 9232.[23]

Además, existe en su contra una *Orden de Protección*, en el Caso Número OPA-2022-025751, con vigencia de 18 de julio de 2022 al 18 de julio de 2027.[24]

En fin, la *Resolución* recurrida está basada en el expediente administrativo y la interpretación que la JLBP hace del Reglamento Núm. 9232 es razonable.

## -IV-

Por los fundamentos previamente expuestos, se confirma la determinación recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[23] Copia Certificada del Expediente Administrativo, págs. 74-76.
[24] *Id.*, págs. 78-82.